IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:23-CR-217-O |
| ELIJAH MUHAMMAD (01) | |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) WITH WAIVER OF APPEAL

Elijah Muhammad ("the defendant"), the defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the Defendant**: The defendant understands that the defendant has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:   The defendant waives these rights, waives any defenses based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that is, possession a controlled substance with intent to distribute (fentanyl).  The defendant understands the nature and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.  **Sentence**:   The penalties the Court can impose are as follows:

   a.  imprisonment for a period of not more than twenty (20) years;

   b.  a fine not to exceed $1,000,000;

   c.  a mandatory term of supervised release of at least three (3) years, which may be mandatory under the law and will follow any term of imprisonment.   If the Defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the Defendant serve an additional period of confinement;

   d.  a mandatory special assessment of $100;

   e.  costs of incarceration and supervision; and

   f.  forfeiture of any proceeds and property intended to be used in any manner to commit or facilitate the offense.

4.  **Court's sentencing discretion and role of the Guidelines:**   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the

outcome of the Court's consideration of the guidelines in this case. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is 84 months. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed term of imprisonment, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

5.   **Mandatory special assessment**:   The defendant agrees to pay to the U.S. District Clerk the amount of $100, of the mandatory special assessment in this case.

6.   **Forfeiture of property**:   The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information. The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such

**Plea Agreement   - Page 3**

property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

7. **Defendant's cooperation with financial investigation**: In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which the defendant has knowledge. If the defendant chooses to do so, however, the defendant's

testimony must be complete and truthful. Incomplete or dishonest testimony will constitute a breach of this agreement.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts in the Indictment other than those to which the defendant is pleading guilty.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph

of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives the defendant's right to contest the defendant's conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

15. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this __31st__ day of __August__, 2023.

_____
ELIJAH MUHAMMAD
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile:  817-252-5455
Email: brandie.wade@usdoj.gov

_____
RODERICK WHITE
Attorney for Defendant

_____
JAY WEIMER
Deputy Branch Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
ELIJAH MUHAMMAD

8-31-23
Date

Plea Agreement  - Page 7

I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          8-31-23
RODERICK WHITE                                            Date
Attorney for Defendant